**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

American Health Information
Management Association,

        Plaintiff,

           v.

Archetype Innovations, LLC,

        Defendant.

Case No. 23 C 3363

Judge Jorge L. Alonso

## <u>Memorandum Opinion and Order</u>

Defendant Archetype Innovations, LLC ("Archetype") has filed a motion to dismiss Plaintiff American Health Information Management Association's ("AHIMA") complaint without prejudice for lack of personal jurisdiction, improper venue, or failure to state a claim. (ECF No. 13.) As explained below, the Court grants in part and denies in part Archetype's motion and dismisses AHIMA's complaint without prejudice for lack of personal jurisdiction and improper venue.

## <u>Background</u>

According to its complaint, AHIMA is an Illinois non-profit corporation that represents professionals who work with health data and offers certifications for those professionals. (Compl. ¶¶ 4–6, ECF No. 1.) Among other things, AHIMA publishes a journal, opinions, and curricula-related documents, including copyrighted "Curriculum Competencies" and "Curriculum Guidance" materials. (*Id.* ¶¶ 7–15.)

Archetype is a Minnesota limited liability company with a place of business in Utah that does business as "EHR Go" and offers online instruction related to electronic health records for healthcare students and professionals. (*Id.* ¶¶ 17–19.) AHIMA believes that some of Archetype's

materials (it does not specify which ones) are derived from certain AHIMA materials and thus infringe its copyrights. It therefore brings a copyright-infringement claim against Archetype under 17 U.S.C. § 501. AHIMA alleges that Archetype may be sued in this District because it "conducts business in this District, markets and sells its services . . . in this District, and otherwise directs its marketing, advertising, and business to customers and potential customers in this District through the stream of commerce." (*Id.* ¶ 18.)

Archetype has filed a motion to dismiss AHIMA's complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), improper venue under Rule 12(b)(3), and failure to state a claim under Rule 12(b)(6), which has been fully briefed. (ECF Nos. 13–14, 16, 17.)

## Legal Standard

"When challenged, the plaintiff has the burden of proving personal jurisdiction." *John Crane, Inc. v. Shein Law Ctr., Ltd.*, 891 F.3d 692, 695 (7th Cir. 2018). Where a court does not hold a hearing on personal jurisdiction, the plaintiff's burden is "to set forth a prima facie showing of jurisdiction." *John Crane*, 891 F.3d at 695. Any disputes concerning relevant facts are resolved in favor of the party asserting jurisdiction—here, AHIMA. *Nelson by Carson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983).

The Copyright Act does not authorize nationwide service of process, and "a court sitting in Illinois may exercise jurisdiction over defendants only if authorized both by the United States constitution and Illinois law." *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 902 (N.D. Ill. 2015). "The governing statute in Illinois permits its courts to exercise personal jurisdiction to the limits of the Due Process Clause of the Fourteenth Amendment." *Kipp v. Ski Enter. Corp. of Wisc., Inc.*, 783 F.3d 695, 697 (7th Cir. 2015) (citing 735 ILCS 5/2-209(c) ("A court may also

2

exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States.")). Under the Due Process Clause, courts recognize two types of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 582 U.S. 255, 262 (2017). The Court will consider each type in turn.

## Discussion

### I.     Personal Jurisdiction

#### a.     General personal jurisdiction

"A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Bristol-Myers*, 582 U.S. at 262 (emphasis in original). General jurisdiction is allowed over corporations "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

"[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose [general] jurisdiction." *Daimler*, 571 U.S. at 137. For a corporate defendant, "the place of incorporation and the principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Id.* (citation omitted); *Kipp*, 783 F.3d at 698; *see also Aspen Am. Ins. Co. v. Interstate Warehousing, Inc.*, 2017 IL 121281 at ¶ 21, 90 N.E.3d 440 (Ill. 2017) ("Plaintiff also notes, however, that subsection (b)(4) of the long-arm statute authorizes a court to exercise jurisdiction in any action arising within or without Illinois against any defendant 'doing business within this State.' 735 ILCS 5/2-209(b)(4) . . . . In light of *Daimler*, subsection (b)(4) cannot constitutionally be applied to establish general jurisdiction where, as here, there is no evidence that defendant's contacts with Illinois have rendered it 'essentially at home' in this state."). Thus,

selling products in a state is not enough to establish general jurisdiction. *Daimler*, 571 U.S. at 123, 136–37 (reversing decision that District Court in California had general jurisdiction over defendant where defendant was imputed to have "multiple California-based facilities" and defendant's sales in California constituted 2.4% of its global sales).

AHIMA offers no basis for the Court to exercise general personal jurisdiction over Archetype. As explained by Archetype's Divisional Controller, Dan Harper, Archetype is a Minnesota company which has no offices, employees, or retail locations in Illinois. (Harper Aff., ECF No. 14-1.) Nothing in the record indicates that Archetype is essentially at home in Illinois, and the Court finds it may not exercise general personal jurisdiction over Archetype.

### b. Specific personal jurisdiction

Specific jurisdiction arises "where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state; and (2) the alleged injury arises out of the defendant's forum-related activities." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 706 (7th Cir. 2019) (quoting *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010)); *see also N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) ("To support an exercise of specific personal jurisdiction, the defendant's contacts must 'directly relate to the challenged conduct or transaction.'" (quoting *Tamburo*, 601 F.3d at 702)); *Kipp*, 783 F.3d at 698 ("Specific jurisdiction is case specific; the claim must be linked to the activities or contacts with the forum.")). "[F]or a state court to exercise specific jurisdiction, 'the *suit*' must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum*.'" *Bristol-Myers*, 582 U.S. at 262 (emphasis in original) (quoting *Daimler*, 571 U.S. at 127). "In other words, there must be 'an affiliation between the forum and the underlying controversy.'" *Id.* (quoting *Goodyear*, 564 U.S. at 919). "For specific jurisdiction, a defendant's

general connections with the forum are not enough." *Id.* at 264. As the Supreme Court has

explained:

> The inquiry whether a forum State may assert specific jurisdiction over a
> nonresident defendant 'focuses on the relationship among the defendant, the
> forum, and the litigation.' . . . For a State to exercise jurisdiction consistent with
> due process, defendant's suit-related conduct must create a substantial connection
> with the forum State. . . .
>
> [T]he relationship must arise out of contacts that the defendant *himself* creates
> with the forum state. . . . Due process limits on the State's adjudicative authority
> principally protect the liberty of the nonresident defendant—not the convenience
> of plaintiffs or third parties. . . . We have consistently rejected attempts to satisfy
> the defendant-focused 'minimum contacts' inquiry by demonstrating contacts
> between the plaintiff (or third parties) and the forum State.

*Walden v. Fiore*, 571 U.S. 277, 283–84 (2014) (emphasis in original) (internal quotation marks

and citations omitted).

AHIMA's complaint alleges that Archetype "does business on the Internet . . . conducts

business in this District, markets and sells its services, including those that use AHIMA's Works,

in this District, and otherwise directs its marketing, advertising, and business to customers and

potential customers in this District through the stream of commerce." (Compl. ¶ 18, ECF No. 1.)

These conclusory allegations do not make out a prima facie case of personal jurisdiction. *See*

*Dobrowolski v. Intelius, Inc.*, No. 17 CV 1406, 2018 WL 11185289, at *2 (N.D. Ill. May 21,

2018) (disregarding "conclusory allegations that this court has personal jurisdiction because

Intelius 'transacts significant business in this District . . .'").

In its response, AHIMA adds allegations regarding the EHR Go website, which is

accessible in Illinois and allegedly contains unidentified materials that infringe AHIMA's

copyrights. "Beyond simply operating an interactive website that is accessible from the forum

state, a defendant must in some way *target* the forum state's market." *be2 LLC v. Ivanov*, 642

F.3d 555, 558–59 (7th Cir. 2011) (emphasis in original). Therefore, "[i]f the defendant merely

5

operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution." *Id.* at 559. Here, the record indicates that Archetype operates the interactive EHR Go website, which users may access from Illinois or anywhere else, but not that Archetype goes beyond that and somehow targets the Illinois market, whether related to allegedly infringing materials or otherwise. *See Heard v. Jenkins*, No. 1:21-CV-01374, 2022 WL 4482765, at *4 (N.D. Ill. Sept. 27, 2022) ("The fact that these services can be streamed in Illinois is insufficient by itself."); *Am. Bridal & Prom Indus. Ass'n, Inc. v. The P'ships & Unincorporated Ass'ns Identified on Schedule A*, 192 F. Supp. 3d 924, 933 (N.D. Ill. 2016) (finding lack of personal jurisdiction where plaintiffs "provided no facts to show that any of the defendants named in the complaint aimed any action at Illinois"); *Philpot v. Eagle Commc'ns, Inc.*, No. 1:14-cv-01984-RLY-TAB, 2015 WL 4134038, at *4 (S.D. Ind. July 8, 2015) ("Philpot's argument that Indiana citizens can access Eagle Communications' website to listen to Eagle Communications' streaming online radio service constitutes sufficient minimum contacts is without merit. . . . While Indiana citizens may choose to visit Eagle Communications' website to listen to online radio, their personal choices do not subject Eagle Communications to the court's jurisdiction.").

AHIMA further points to testimonials on the EHR Go website from individuals in Alabama, Wisconsin, Ontario, and Massachusetts. Though none of these testimonials comes from individuals in Illinois, AHIMA argues they show that the EHR Go website has an international reach and so Archetype must do business in Illinois. The Court disagrees—these out-of-state testimonials instead indicate, at most, that Archetype may have targeted activities at people in those states, not that it specifically targets Illinois customers.

6

AHIMA also points to a University of Illinois Chicago website that instructs its pharmacy students on how to set up EHR Go accounts, arguing that this establishes a link between EHR Go/Archetype and Illinois. Though the website suggests that EHR Go is used by some individuals in Illinois, the website is not maintained by Archetype or at its direction and there is no indication that Archetype targets Illinois users—that is, that the existence of EHR Go users in Illinois is more than merely fortuitous for jurisdictional purposes. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014), *as corrected* (May 12, 2014) ("The relation between the defendant and the forum must arise out of contacts that the defendant *himself* creates with the forum State." (emphasis in original) (internal quotation marks and citation omitted)); *be2*, 642 F.3d at 558 ("Courts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'" (internal quotation marks and citation omitted)). The record also does not indicate that anyone at the university or in Illinois had any contacts with Archetype related to any allegedly infringing materials that give rise to this case—again, AHIMA does not identify what EHR Go/Archetype materials allegedly infringe its copyrights, but instead summarily alleges that such works exist. The fact that some university students may use the EHR Go website thus does not establish specific contacts related to this case to support specific personal jurisdiction over Archetype. *Advanced Tactical*, 751 F.3d at 801 ("Not only did Advanced Tactical fail to link the few sales to Real Action's litigation-specific activity, but even if it did, it is unlikely that those few sales alone, without some evidence linking them to the allegedly tortious activity, would make jurisdiction proper.").

AHIMA attacks Harper's affidavit, arguing that he did not state that Archetype does not solicit Illinois business or have Illinois clients, implying that Archetype does solicit business and have Illinois clients. This both ignores Harper's statement that Archetype's "advertising is not specifically tailored to or targets Illinois residents" and impermissibly attempts to shift AHIMA's burden to establish a prima facie showing of personal jurisdiction. It is AHIMA's burden to show that exercising personal jurisdiction over Archetype is appropriate—not Archetype's burden to show that it is *not* appropriate. *See RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997) ("The plaintiff . . . has the burden of demonstrating the existence of personal jurisdiction."). AHIMA has not met its burden in this case.

AHIMA has failed to make a prima facie showing of personal jurisdiction over Archetype, and the Court thus denies AHIMA's conclusory request for jurisdictional discovery. *See Zurich Am. Ins. Co. v. Tangiers Int'l LLC*, No. 18 C 2115, 2018 WL 3770085, at *2 (N.D. Ill. Aug. 9, 2018) ("A plaintiff must make a *prima facie* showing with some competent evidence demonstrating that jurisdiction might exist in order to be entitled to jurisdictional discovery." (internal quotation marks and citation omitted)). The Court accordingly dismisses this case without prejudice for lack of personal jurisdiction.

## II. Venue

Under the federal venue statute, 28 U.S.C. § 1391(b), an action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

8

For copyright cases, venue is proper "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). "A defendant 'may be found' in any district in which he is subject to personal jurisdiction." *Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd.*, 767 F. Supp. 181, 185 (N.D. Ill. 1991). Here, AHIMA's only purported basis for venue in this District is that the Court allegedly has personal jurisdiction over Archetype. Because the Court disagrees and finds personal jurisdiction lacking, it also dismisses this case for improper venue.

### III.    Failure to State a Claim

Because the Court dismisses AHIMA's complaint for lack of personal jurisdiction and improper venue, it does not address whether the complaint states a claim. *See Landwer v. Sodhi*, No. 18C4163, 2018 WL 6000868, at *5 (N.D. Ill. Nov. 15, 2018). The Court thus denies Archetype's motion to dismiss as to its request for dismissal for failure to state a claim as moot.

### <u>Conclusion</u>

The Court grants in part and denies in part Defendant's motion to dismiss (ECF No. 13) and dismisses Plaintiffs' complaint without prejudice for lack of personal jurisdiction and improper venue. Plaintiff may file an amended complaint by June 14, 2024.

**SO ORDERED.**                                     **ENTERED: May 31, 2024**

 

_____
**HON. JORGE ALONSO**
**United States District Judge**